1  JOHN H. KIM, ESQ. (State Bar No. 219975)
   SHERYL K. ITH, ESQ. (State Bar No. 225071)
2  sith@cookseylaw.com
   COOKSEY, TOOLEN, GAGE, DUFFY & WOOG
3  A Professional Corporation
   535 Anton Boulevard, Tenth Floor
4  Costa Mesa, California 92626-1977
   Telephone: (714) 431-1100
5  Facsimile: (714) 431-1119

6  Attorneys for
   CITIFINANCIAL AUTO
7

8              UNITED STATES BANKRUPTCY COURT

9      CENTRAL DISTRICT OF CALIFORNIA, SAN FERNANDO VALLEY DIVISION

10

11 In re                          Case No.: 1:10-BK-13110 GM

12 BIBIANA MIRANDA                 Chapter 13

13        Debtor.                  **OBJECTION TO CONFIRMATION OF
                                   PROPOSED CHAPTER 13 PLAN;**
14                                 **DECLARATION OF KATINA YOUNG IN
                                   SUPPORT THEREOF**
15
                                   341(a) Meeting of Creditors:
16
                                   Date:      APRIL 21, 2010
17                                 Time:      11:00 A.M.
                                   Ctrm:      105
18
                                   Confirmation Hearing:
19
                                   Date:      MAY 25, 2010
20                                 Time:      1:30 P.M.
                                   Ctrm:      303
21

22

23         CITIFINANCIAL AUTO ("CITIFINANCIAL"), a creditor of the above estate,

24 hereby submits the following Objection to Confirmation of the Debtor's proposed Chapter 13 Plan of

25 Reorganization.

26

27

28 / / /

9100.0715  587123.1

COOKSEY, TOOLEN, GAGE, DUFFY & WOOG
535 Anton Boulevard, Tenth Floor
Costa Mesa, California 92626-1977

1

2

## REQUEST FOR JUDICIAL NOTICE

3        Pursuant to Federal Rule of Evidence 201 as incorporated by Federal Rule of

4   Bankruptcy Procedure 9017, CITIFINANCIAL respectfully requests this Court take judicial notice

5   of the Debtor's proposed Chapter 13 Plan on file herein, and the Proof of Claim filed by

6   CITIFINANCIAL, copies of which are attached as Exhibits "A" and "B", respectively, to the

7   Declaration of KATINA YOUNG, filed herewith.

8

9

## FACTUAL BACKGROUND

10

11        On or about SEPTEMBER 28, 2007, Debtor entered into a Motor Vehicle Contract

12   and Security Agreement for the purchase of a 2003 FORD EXPLORER, Vehicle Identification

13   Number 1FMZU62K43ZB23986 (the "Vehicle").    The above-described Contract and Security

14   Agreement was assigned to CITIFINANCIAL in the normal course of CITIFINANCIAL's business.

15   A copy of the above-described Motor Vehicle Contract and Security Agreement with regard to the

16   above-described vehicle, is made a part of CITIFINANCIAL's Proof of Claim on file herein. (And

17   See Exhibit "B" attached to the Declaration of KATINA YOUNG, filed herewith).

18

19

## GROUNDS FOR OBJECTION

20

21        Secured Creditor CITIFINANCIAL objects to Debtor's proposed Chapter 13 Plan of

22   Reorganization on the following grounds:

23

24        1.        Adequate Protection Payments.

25        11 U.S.C. §1326(a)(1) states in pertinent part:

26              "Unless the court orders otherwise, the debtor shall commence

27        making payments not later than 30 days after the date of the filing of plan

28        or the order for relief, whichever is earlier, in the amount –

COOKSEY, TOOLEN, GAGE, DUFFY & WOOG
535 Anton Boulevard, Tenth Floor
Costa Mesa, California 92626-1977

2

COOKSEY, TOOLEN, GAGE, DUFFY & WOOG
535 Anton Boulevard, Tenth Floor
Costa Mesa, California 92626-1977

(C) that provides adequate protection directly to a creditor holding

an allowed claim secured by personal property to the extent the claim is

attributable to the purchase of such property by the debtor for that portion

of the obligation that becomes due after the order for relief...".

In the instant case, the proposed Plan does not schedule post-petition, pre-confirmation adequate protections payments to CITIFINANCIAL as required by 11 U.S.C. §1326(a)(1)(C).

Although the Bankruptcy Code does not quantify "adequate protection" of a secured claim, CITIFINANCIAL asserts that adequate protection should, at a minimum, provide monthly payment to CITIFINANCIAL to offset the monthly depreciation of its collateral during the debtor's bankruptcy case. In general, depreciation of a motor vehicle is approximately 2% of the vehicle's retail value per month. (And See In re Desardi, 340 B.R. 790, 804 (Bankr. S.D. TX 2006)). In accordance therewith, CITIFINANCIAL objects to any proposed monthly adequate protection to CITIFINANCIAL which is less than 2% of the retail value of the Vehicle. (And See Section herein regarding valuation of the Vehicle). Consequently, Debtor's proposed Plan should not be confirmed unless Debtor pays adequate protection on CITIFINANCIAL's secured claim in the amount of $148.00 per month (2% of $7,400.00).

2.    Rate of Interest.

Debtor's proposed Plan fails to provide for the present value of CITIFINANCIAL's secured claim by failing to provide the proper "formula" discount rate in conformance with 11 U.S.C. §1325(a)(5)(B)(ii) and Till v. SCS Credit Corp.,124 S. Ct. 1951 (2004). The Supreme Court determined in Till that the appropriate rate of interest for a secured claim should be determined by the "formula approach." id. The "formula approach" requires the Court to take the national prime rate of interest and adjust this rate to compensate for an increased risk of default posed by Debtor. id. Factors which assist the Court in adjusting the prime rate of interest upwards include, but are not limited to, items such as (1) circumstances of the estate; (2) the nature of the security; and (3)

9100.0715  587123.1

1    duration and feasibility of the reorganization plan. _id_.   It is important to note that the Till Court's

2    reference to a 1-3% increase in the designation of risk appears only as dicta and does not limit the

3    total adjustment of risk added to the interest rate on a secured claim. _id_.

4        Further, a creditor with a claim scheduled to be paid through a Chapter 13 plan where

5    such claim is not subject to 11 U.S.C. §506 is entitled to interest on the principal amount due at the

6    time of the filing of the bankruptcy petition.  In re Robinson, 338 B.R. 70, (Bankr. W.D. Mo.); In re

7    Johnson, 337 B.R. 269, (M.D.N.C. 2006);   In re Brown, 339 B.R. 818, (S.D. Ga. 2006).

8        In the instant matter, the national prime rate of interest as of April 7, 2010, was 3.25%.

9    (And See Exhibit "D" attached to the Declaration of KATINA YOUNG, filed herewith).   Adjusting

10   the interest rate upwards is appropriate in this case because:

11        (1)    the Vehicle is a rapidly depreciating asset which loses value with continued

12   use and time.

13        Based upon the foregoing factors, the Court should adjust the national prime rate of

14   interest of 3.25% upward 1 percentage point as a result of the 1 factor which demonstrates a

15   potential for default by the Debtor (for purposes of measuring the appropriate interest rate,

16   CITIFINANCIAL has assigned each risk factor an interest rate percentage point of 1%).   As such,

17   CITIFINANCIAL objects to any proposed Plan which fails to pay CITIFINANCIAL's secured claim

18   with 4.25% interest.

19

20                    **CONCLUSION**

21        Any Chapter 13 plan proposed by the Debtor must provide for and eliminate the

22   objections specified above in order to be reasonable and to comply with the applicable provisions of

23   the Bankruptcy Code.  It is respectfully requested that confirmation of the Proposed Chapter 13 plan

24   be denied and that the case be dismissed forthwith.

25        WHEREFORE, CITIFINANCIAL prays as follows:

26   1.    That confirmation of the Chapter 13 Plan be denied; and

27   2.    For immediate dismissal of the within Chapter 13 proceeding; or

28   ///

COOKSEY, TOOLEN, GAGE, DUFFY & WOOG
535 Anton Boulevard, Tenth Floor
Costa Mesa, California 92626-1977

1    3.    That as a pre-requisite to confirmation of the Debtor's proposed Chapter 13 Plan,

2    Debtor meet and satisfy the above stated objections; and

3    4.    For such other and further relief as the Court deems just and proper.

4    Dated:   April 13, 2010                    Respectfully submitted,

5                                              COOKSEY, TOOLEN, GAGE, DUFFY & WOOG

6

7

8    By: _____

9        Sheryl K. Ith
         Attorneys for Creditor
         CITIFINANCIAL AUTO

COOKSEY, TOOLEN, GAGE, DUFFY & WOOG
535 Anton Boulevard, Tenth Floor
Costa Mesa, California 92626-1977

9100.0715   587123.1

## DECLARATION OF KATINA YOUNG IN SUPPORT OF OBJECTION TO

## CONFIRMATION

I, KATINA YOUNG, declare as follows:

1.      I am a Bankruptcy Specialist for Secured Creditor CITIFINANCIAL AUTO ("CITIFINANCIAL").      I am one of the custodians of the books, records and files of CITIFINANCIAL as to those books, records, and files that pertain to loans and extensions of credit given to the Debtor concerning the Vehicle herein.  I have personally worked on the books, records and files of CITIFINANCIAL, and as to the following facts, I know them to be true of my own knowledge or I have gained knowledge of them from the business records of CITIFINANCIAL on behalf of CITIFINANCIAL, which were made at or about the time of the events recorded, and which are maintained by CITIFINANCIAL in the ordinary course of CITIFINANCIAL's business.  Any such document was prepared in the ordinary course of business of CITIFINANCIAL by a person who had personal knowledge of the event being recorded and had or has a business duty to accurately record such events.  I am personally responsible for handling of all collection activity in connection with the account of Debtor and I have reviewed all of CITIFINANCIAL's books and records in connection with this matter.  I have personal knowledge of the facts contained herein and if called upon to testify, I could and would competently testify thereto.

2.      On SEPTEMBER 28, 2007, Debtor entered into a Motor Vehicle Contract and Security Agreement ("Contract") for the purchase of a 2003 FORD EXPLORER, Vehicle Identification Number 1FMZU62K43ZB23986 (the "Vehicle").  The Contract was subsequently assigned to CITIFINANCIAL in the normal course of CITIFINANCIAL's business.  True and correct copies of the Contract and the duly recorded Certificate of Title evidencing CITIFINANCIAL's perfected interest in the Vehicle are made a part of CITIFINANCIAL's Proof of Claim on file herein and attached as Exhibit "B".

3.      Attached as Exhibit "C" is true and correct copy of the N.A.D.A. Official Used Car Guide online report for the vehicle's retail value.

4.      CITIFINANCIAL regularly relies upon the N.A.D.A. Official Used Car Guide in estimating values of vehicles in the normal course of its business.

COOKSEY, TOOLEN, GAGE, DUFFY & WOOG
535 Anton Boulevard, Tenth Floor
Costa Mesa, California 92626-1977

5.    Attached as Exhibit "D" is a true and correct summary of the current "WSJ Prime Rate" downloaded and printed directly from bankrate.com's website.

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct and that this Declaration was executed April 13, 2010, at Irving, TX.

KATINA YOUNG

COOKSEY, TOOLEN, GAGE, DUFFY & WOOG
535 Anton Boulevard, Tenth Floor
Costa Mesa, California 92626-1977

7

Name _____
Address _____
_____
_____
_____
Telephone _____ (FAX) _____

☐ Attorney for Debtor
State Bar No. _____

■ Debtor(s) in Pro Se    (Any reference to the singular shall include the plural in the case of joint debtors.)

**FILED**

MAR 1 8 2010

CLERK U.S. BANKRUPTCY COURT
CENTRAL DISTRICT OF CALIFORNIA
BY: _____ Deputy Clerk

## UNITED STATES BANKRUPTCY COURT
## CENTRAL DISTRICT OF CALIFORNIA

| List all names (including trade names) used by the debtor within the last 8 years:<br><br>**Bibiana Miranda** | Chapter 13 Case No. 10-13010-GM<br><br>**CHAPTER 13 PLAN**<br><br>**CREDITORS MEETING:**<br>Date:<br>Time:<br>Place:<br>**CONFIRMATION HEARING:**<br>Date:<br>Time:<br>Place: |
|---|---|

### NOTICE

This Chapter 13 Plan is proposed by the above Debtor. The Debtor attests that the information stated in this Plan is accurate. Creditors cannot vote on this Plan. However, creditors may object to this Plan being confirmed pursuant to 11 U.S.C. § 1324. Any objection must be in writing and must be filed with the court and served upon the Debtor, Debtor's attorney (if any), and the Chapter 13 Trustee not less than 8 days before the date set for the meeting of creditors. Unless an objection is filed and served, the court may confirm this Plan. The Plan, if confirmed, modifies the rights and duties of the Debtor and creditors to the treatment provided in the Plan as confirmed, with the following IMPORTANT EXCEPTIONS:

Unless otherwise provided by law, each creditor will retain its lien until the earlier of payment of the underlying debt determined under non-bankruptcy law or discharge under 11 U.S.C.§1328. If the case under this chapter is dismissed or converted without completion of the Plan, such lien shall also be retained by such holder to the extent recognized by applicable non-bankruptcy law.

Defaults will be cured using the interest rate set forth below in the Plan. Any ongoing obligation will be paid according to the terms of the Plan.

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*Revised November 2006*
Software Copyright (c) 1996-2009 Best Case Solutions - Evanston, IL - (800) 492-8037

**F3015-1.1**
Best Case Bankruptcy

EXHIBIT _A_

PAGE _1_ OF _8_

2006 USBC, Central District of California

**HOLDERS OF SECURED CLAIMS AND CLASS 1 CLAIMANTS WILL BE PAID ACCORDING TO THIS PLAN AFTER CONFIRMATION UNLESS THE SECURED CREDITOR OR CLASS 1 CLAIMANT FILES A PROOF OF CLAIM IN A DIFFERENT AMOUNT THAN THAT PROVIDED IN THE PLAN.** If a secured creditor or a class 1 creditor files a proof of claim, that creditor will be paid according to that creditor's proof of claim, unless the court orders otherwise.

**HOLDERS OF ALL OTHER CLAIMS MUST TIMELY FILE PROOFS OF CLAIMS, IF THE CODE SO REQUIRES, OR THEY WILL NOT BE PAID ANY AMOUNT.** A Debtor who confirms a Plan may be eligible thereafter to receive a discharge of debts to the extent specified in 11 U.S.C. § 1328.

The Debtor proposes the following Plan and makes the following declarations:

I.    **PROPERTY AND FUTURE EARNINGS OR INCOME SUBJECT TO THE SUPERVISION AND CONTROL OF THE CHAPTER 13 TRUSTEE:**

The Debtor submits the following to the supervision and control of the Chapter 13 Trustee:

A.    Payments by Debtor of **$2,360.97** per month for **60** months.  This monthly Plan Payment will begin within 30 days of the date the petition was filed.

B.    The base plan amount is $ **141,658.20** which is estimated to pay **15** % of the allowed claims of nonpriority unsecured creditors. If that percentage is less than 100%, the Debtor will pay the Plan Payment stated in this Plan for the full term of the Plan or until the base plan amount is paid in full, and the Chapter 13 Trustee may increase the percentage to be paid to creditors accordingly.

C.    Amounts necessary for the payment of post-petition claims allowed under 11 U.S.C. § 1305.

D.    Preconfirmation adequate protection payments for any creditor who holds an allowed claim secured by personal property where such security interest is attributable to the purchase of such property and preconfirmation payments on leases of personal property whose allowed claim is impaired by the terms proposed in the plan. Preconfirmation adequate protection payments and preconfirmation lease payments will be paid to the Chapter 13 Trustee for the following creditor(s) in the following amounts:

| Creditor/Lessor Name | Collateral Description | Last 4 Digits of Account # | Amount |
|---|---|---|---|
| -NONE- | | | |

Each adequate protection payment or preconfirmation lease payment will commence on or before the 30th day from the date of filing of the case. The Chapter 13 Trustee shall deduct the foregoing adequate protection payment(s) and/or preconfirmation lease payment from the Debtor's Plan Payment and disburse the adequate protection payment or preconfirmation lease payment to the secured(s) creditor(s) at the next available disbursement or as soon as practicable after the payment is received and posted to the Chapter 13 Trustee's account. The Chapter 13 Trustee will take his or her statutory fee on all disbursements made for preconfirmation adequate  protection payments or preconfirmation lease payments.

E.    Other property:  (specify property or indicate none)
        NONE

---

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*Revised November 2006*
Software Copyright (c) 1996-2009 Best Case Solutions - Evanston, IL - (800) 492-8037

**F3015-1.1**
Best Case Bankruptcy

EXHIBIT_____ _A_

PAGE____ _2_ OF _0_

Chapter 13 Plan  (Rev. 11/06) - Page 3                                                    2006 USBC, Central District of California

**II.    ORDER OF PAYMENTS; CLASSIFICATION AND TREATMENT OF CLAIMS:**
Except as otherwise provided in the plan or by court order, the Chapter 13 Trustee shall disburse all available funds for the payment of claims as follows:

A.    ORDER OF PAYMENTS:

1.    If there are Domestic Support Obligations, the order of priority shall be:

(a)    Domestic Support Obligations and the Chapter 13 Trustee's fee not exceeding the amount accrued on payments made to date;

(b)    Administrative expenses (Class 1(a)) in an amount not exceeding _____% of each Plan Payment until paid in full;

2.    If there are no Domestic Support Obligations, the order of priority shall be the Chapter 13 Trustee's fee not exceeding the amount accrued on payments made to date, and administrative expenses (Class 1(a)) in an amount not exceeding __% of each Plan Payment until paid in full.

3.    Notwithstanding 1 and 2 above, ongoing payments on secured debts that are to be made by the Chapter 13 Trustee from the Plan Payment; such secured debt may be paid by the Chapter 13 Trustee commencing with the inception of Plan Payments.

4.    Subject to 1, 2, and 3 above, pro rata to all other claims except as otherwise provided in the Plan.

5.    No payment shall be made on nonpriority unsecured claims until all secured and priority claims have been paid in full.

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*Revised November 2006*                                                               **F3015-1.1**
Software Copyright (c) 1996-2009 Best Case Solutions - Evanston, IL - (800) 492-8037                   Best Case Bankruptcy

EXHIBIT ___A___

PAGE ___3___ OF ___8___

Chapter 13 Plan  (Rev. 11/06) - Page 4                                        2006 USBC, Central District of California

B.   CLASSIFICATION AND TREATMENT OF CLAIMS:

| CLASS 1 | | | | | |
| --- | --- | --- | --- | --- | --- |
| ALLOWED UNSECURED CLAIMS ENTITLED TO PRIORITY UNDER 11 U.S.C. §507 | | | | | |
| The Debtor will pay Class 1 claims in full; except the debtor may provide for less than full payment of Domestic Support Obligations pursuant to 11 U.S.C. §1322(a)(4). | | | | | |
| CATEGORY | AMOUNT OF PRIORITY CLAIM | INTEREST RATE, if any | MONTHLY PAYMENT | NUMBER OF MONTHS | TOTAL PAYMENT |
| a.  Administrative Expenses | | | | | |
| (1)   Chapter 13 Trustee's Fee – estimated at 11% of all payments to be made to all classes through this Plan. | | | | | |
| (2)   Attorney's Fees | | | | | |
| (3)   Chapter 7 Trustee's Fees | | | | | |
| (4)   Other | | | | | |
| b.   Other Priority Claims | | | | | |
| (1)   Internal Revenue Service | | | | | |
| (2)   Franchise Tax Board | | | | | |
| (3)   Domestic Support Obligation | | | | | |
| (4)   Other | | | | | |
| c.   Domestic Support Obligations that are not to be paid in full in the Plan (Specify Creditor Name): | | | | | |
| | | | | | |

*Revised November 2006*

**F3015-1.1**

Software Copyright (c) 1996-2009 Best Case Solutions - Evanston, IL - (800) 492-8037                Best Case Bankruptcy

EXHIBIT

PAGE____ OF____

| CLASS 2 |
|---|

### CLAIMS SECURED SOLELY BY PROPERTY THAT IS THE DEBTOR'S PRINCIPAL RESIDENCE
### ON WHICH OBLIGATION MATURES <u>AFTER</u> THE FINAL PLAN PAYMENT IS DUE

1. ■    The post-confirmation monthly mortgage payment will be made by the Chapter 13 Trustee from the Plan Payment to:

2. ☐    The post-confirmation monthly mortgage payment will be made by the Debtor directly to:

**Home Loan Services**                                    xxxxxxxxx6561
(name of creditor)                                    (last 4 digits of account number)

**The Debtor will cure all prepetition arrearages for the primary residence through the Plan Payment as set forth below.**

| | | Cure of Default | | | | |
|---|---|---|---|---|---|---|
| Name of Creditor | Last Four Digits of Account Number | AMOUNT OF ARREARAGE | INTEREST RATE | MONTHLY PAYMENT | NUMBER OF MONTHS | TOTAL PAYMENT |
| | | | | | | |
| | | | | | | |

| CLASS 3 |
|---|

### CLAIMS SECURED BY REAL OR PERSONAL PROPERTY WHICH ARE PAID IN FULL
### DURING THE TERM OF THE PLAN

| Name of Creditor | Last Four Digits of Account No. | CLAIM TOTAL | SECURED CLAIM AMOUNT | INTEREST RATE | Equal Monthly Payment | NUMBER OF MONTHS | TOTAL PAYMENT |
|---|---|---|---|---|---|---|---|
| Citi Financial | xxxxxx0801 | $8,859.00 | $7,000.00 | 0.00 | $1,400.00 | 5 | $7,000.00 |

*Revised November 2006*
Software Copyright (c) 1996-2009 Best Case Solutions - Evanston, IL - (800) 492-8037

**F3015-1.1**
Best Case Bankruptcy

EXHIBIT ___
PAGE 5 OF 8

Chapter 13 Plan (Rev. 11/06) - Page 6                                    2006 USBC, Central District of California

| CLASS 4 | | | | | | |
|---|---|---|---|---|---|---|
| **OTHER SECURED CLAIMS ON WHICH THE LAST PAYMENT IS DUE AFTER THE DATE ON WHICH THE FINAL PAYMENT UNDER THE PLAN IS DUE** | | | | | | |

1. ☐    The post-confirmation monthly payment pursuant to the promissory note will be made by the Chapter 13 Trustee from the Plan Payment to:

2. ☐    The post-confirmation monthly payment pursuant to the promissory note will be made by the Debtor directly to:

_____                    _____
            (name of creditor)                                  (last 4 digits of account number)

_____                    _____
            (name of creditor)                                  (last 4 digits of account number)

The Debtor will cure all prepetition arrearages on these claims through the Plan Payment as set forth below.

| | | Cure of Default | | | | |
|---|---|---|---|---|---|---|
| Name of Creditor | Last Four Digits of Account Number | AMOUNT OF ARREARAGE | INTEREST RATE | MONTHLY PAYMENT | NUMBER OF MONTHS | TOTAL PAYMENT |
| | | | | | | |
| | | | | | | |

| CLASS 5 |
|---|
| **NON-PRIORITY UNSECURED CLAIMS** |

Debtor estimates that non-priority unsecured claims total the sum of  _$233,077.00_ .
Class 5 claims will be paid as follows:

(Check one box only.)

■    Class 5 claims (including allowed unsecured amounts from Class 3) are of one class and will be paid pro rata.

OR

☐    Class 5 claims will be divided into subclasses as shown ~~on the attached exhibit~~ *directly below* (which also shows the justification for the differentiation among the subclasses) and the creditors in each subclass will be paid pro rata.

## III.    COMPARISON WITH CHAPTER 7

The value as of the effective date of the Plan of property to be distributed under the Plan on account of each allowed claim is not less than the amount that would be paid on such claim if the estate of the Debtor were liquidated under chapter 7 of the Bankruptcy Code on such date. The amount distributed to nonpriority unsecured creditors in chapter 7 would be $ _200.00_  which is estimated to pay _0.1_ % of the scheduled nonpriority unsecured debt.

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*Revised November 2006*                                                          **F3015-1.1**
Software Copyright (c) 1996-2009 Best Case Solutions - Evanston, IL - (800) 492-8037                Best Case Bankruptcy

EXHIBIT _____ A

PAGE _____ 6 OF ___ 8

Chapter 13 Plan  (Rev. 11/06) - Page 7                                    2006 USBC, Central District of California

## IV.  PLAN ANALYSIS

| | |
|---|---|
| CLASS 1a | $0.00 |
| CLASS 1b | $0.00 |
| CLASS 1c | $0.00 |
| CLASS 2 | $85,000.00 |
| CLASS 3 | $7,000.00 |
| CLASS 4 | $0.00 |
| CLASS 5 | $35,620.00 |
| SUB-TOTAL | $127,620.00 |
| CHAPTER 13 TRUSTEE'S FEE (Estimated  11% unless advised otherwise) | $14,038.20 |
| TOTAL PAYMENT | $141,658.20 |

## V.  OTHER PROVISIONS

A.  The Debtor rejects the following executory contracts and unexpired leases.
   Name of Other Party:                    Description of contract/lease:
   -NONE-

B.  The Debtor assumes the executory contracts or unexpired leases set forth in this section. As to each contract or lease assumed, any defaults therein and Debtor's proposal for cure of said default(s) is described in Class 4 of this Plan. The Debtor has a leasehold interest in personal property and will make all post-petition payments directly to the lessor(s):
   Name of Other Party:                    Description of contract/lease:
   -NONE-

C.  In addition to the payments specified in Class 2 and Class 4, the Debtor will make regular payments, including any preconfirmation payments, directly to the following:
   Creditor Name:                          Monthly Payment:
   -NONE-

D.  The Debtor hereby surrenders the following personal or real property. (Identify property and creditor to which it is surrendered.)
   Creditor Name:                          Description:
   -NONE-

E.  The Debtor shall incur no debt greater than $500.00 without prior court approval unless the debt is incurred in the ordinary course of business pursuant to 11 U.S.C. §1304(b) or for medical emergencies.

F.  Miscellaneous provisions: (Use Attachment, if necessary)

G.  The Chapter 13 Trustee is authorized to disburse funds after the date confirmation is announced in open court.

H.  The Debtor will pay timely all post-confirmation tax liabilities directly to the appropriate taxing authorities as they come due.

I.  The Debtor will pay all amounts required to be paid under a Domestic Support Obligation that first became payable after the date of the filing of the petition.

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

*Revised November 2006*
Software Copyright (c) 1996-2009 Best Case Solutions - Evanston, IL - (800) 492-8037

**F3015-1.1**
Best Case Bankruptcy

EXHIBIT ____A____

PAGE ____7____ OF ____8____

Chapter 13 Plan  (Rev. 11/06) - Page 8                                    2006 USBC, Central District of California

**VI.    REVESTING OF PROPERTY**

Property of the estate shall not revest in the Debtor until such time as a discharge is granted or the case is dismissed or closed without discharge. Revestment shall be subject to all liens and encumbrances in existence when the case was filed, except those liens avoided by court order or extinguished by operation of law. In the event the case is converted to a case under chapter 7, 11, or 12 of the Bankruptcy Code, the property of the estate shall vest in accordance with applicable law. After confirmation of the Plan, the Chapter 13 Trustee shall have no further authority or fiduciary duty regarding use, sale, or refinance of property of the estate except to respond to any motion for proposed use, sale, or refinance as required by the Local Bankruptcy Rules. Prior to any discharge or dismissal, the Debtor must seek approval of the court to purchase, sell, or refinance real property.

Dated:    _03/18/10_


_____
Attorney for Debtor(s)


_____
**Bibiana Miranda**
Debtor

---

This form is mandatory by Order of the United States Bankruptcy Court for the Central District of California.

_Revised November 2006_                                                                  **F3015-1.1**
Software Copyright (c) 1996-2009 Best Case Solutions - Evanston, IL - (800) 492-8037                 Best Case Bankruptcy

EXHIBIT

PAGE ___ OF ___

B10 (Official Form 10) (12/07)

| UNITED STATES BANKRUPTCY COURT  CENTRAL DISTRICT OF CALIFORNIA | PROOF OF CLAIM |
|---|---|

| Name of Debtor:  **BIBIANA MIRANDA** | Case Number:<br>**10-13110** |
|---|---|

*NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

Name of Creditor (The person or other entity to whom the debtor owes money or property):

**CitiFinancial Auto Credit, Inc.**

☐ Check this box to indicate that this claim amends a previously filed claim.

Name and addresses where notices should be sent:

**CitiFinancial Auto Credit, Inc.**
**P.O. Box 9578**
**Coppell, TX  75019-9578**
　　　　**Telephone No. (800) 963-9813**

**Court Claim Number:** _____
*(If Known)*

Filed on: _____

Name and addresses where payment should be sent (if different from above):

**CitiFinancial Auto Credit, Inc.**
**P.O. Box 182287**
**Columbus, OH  43218**
　　　　**Telephone No. (800) 963-9813**

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check box if you are the debtor or trustee in this case.

**1. Amount of Claim as of Date Case Filed:**　　__$8,267.07 + 8.70% interest__

　　　　　　　　　　　　　　　　***Claimant reserves right to amend claim***

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

**2. Basis for Claim:**　__Money Loaned__
(See instruction #2 on reverse side.)

**3. Last four digits of any number by which creditor identifies debtor:** __xxxxx0801 / 352194__

　　**3a. Debtor may have scheduled account as:** _____
　　　　(See instruction #3a on reverse side.)

**4. Secured Claim:**　(See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

Nature of property or right of setoff:　☐ Real Estate　☒ Motor Vehicle　☐ Other
Describe:　**2003 FORD EXPLORER**
Value of Property:　**$8,267.07**　　　Annual Interest Rate:　**8.70%**

Amount of arrearage and other charges at time case filed included in secured claim,
if any:　**$0.00**　　　　　　Basis for perfection:　__certificate of title__

Amount of Secured Claim:　**$8,267.07**　　　Amount Unsecured:　**$0.00**

__* no cramdown per statute__

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

Specify the priority of the claim.

? Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

? Wages, salaries, or commissions (up to $10,950*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4).

? Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

? Up to $2,425* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

? Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

? Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(__).

**Amount entitled to priority:**

$_____

*Amounts are subject to adjustment on 4/1/10 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

**6. Credits:**　The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. Documents:**　Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. (*See definition of "redacted" on reverse side.*)

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

| Date<br><br>March 24, 2010 | **Signature:** The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.<br><br>　　　　　　/s/ Jackie Allison　　Bankruptcy Specialist | For Court Use Only |
|---|---|---|

*Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.*



EXHIBIT ____

PAGE __1__ OF __5__

Case 11-01331-GM  Claim 1-1  Filed 04/23/10  Desc Main Document  Page 17 of 23
Case 1:10-bk-13310-GM  Doc 1-1  Filed 04/13/10  Entered 04/13/10 14:30:01  Desc
Main Document  Page 17 of 23

12

# DISCLOSURE STATEMENT, NOTE AND SECURITY AGREEMENT

| | | | |
|---|---|---|---|
| Account/Contract No. | ▮▮▮▮▮▮ | Date of Note | 09/21/2007 |
| Creditor Lender | CitiFinancial Auto Credit, Inc. | Borrower(s) | Fernando Martinez |
| | | | Viviana Miranda |
| Address | 2208 HWY 121 STE 100 | Address | 8847 Willis Ave Unit D11 |
| | BEDFORD, TX 76021 | | Panorama City, CA 91402-7600 |

"I", "me", "my", "mine", and similar words mean each person who signs as a Borrower. "You" and "your" mean the Lender.

| ANNUAL PERCENTAGE RATE The cost of my credit as a yearly rate | FINANCE CHARGE The dollar amount the credit will cost me | AMOUNT FINANCED The amount of credit provided to me or on my behalf | TOTAL OF PAYMENTS The amount I will have paid after I have made all payments as scheduled |
|---|---|---|---|
| 8.70% | $3,863.00 e | $16,015.00 e | $19,878.00 e |

My payment schedule will be:

| Number of Payments | Amount of Payments | When monthly payments are Due |
|---|---|---|
| 60 | $331.30 e | First monthly payment will be due 30 days after loan disbursement, or 43 days after loan disbursement if loan disbursement is on or after the 20th day of the month, and the subsequent payments will be due on the same day of each month thereafter. |

Security: I am giving a security interest in the motor vehicle described as follows: a  2003 FORD EXPLORER

VIN  1FMZU62K43Z323986

Late Charge: If any part of a payment is unpaid for 10 days after it is due, I may be charged 5% of the amount of the payment.

Prepayment: If I pay off early, I will not have to pay a penalty.

Additional Information: See the contract documents for any additional information about nonpayment, default, security interests, any required repayment in full before the scheduled date and prepayment refunds and penalties.

"e" means estimate.

**TERMS OF REPAYMENT:** In return for the loan that I have received, I promise to pay the Amount Financed plus the accrued interest figured at the Annual Percentage Rate to the order of you, the Lender. I will make payments at your address above or at such other address you may provide me. I will make the payments on the dates and in the amounts shown in the Payment Schedule. If there is no such date in any month that follows the initial monthly payment, payment will be made on the last day of that month. Unless prohibited by law, each payment I make will be applied to the amounts owing under the Disclosure Statement, Note and Security Agreement ("Agreement") in any order selected by you. The actual loan proceeds may not equal the Amount Financed disclosed above. I agree that you may advance the amounts necessary, including payoff amounts to lien holders, taxes and fees, to obtain a first priority perfected security interest in the Collateral. The Amount Financed will be adjusted to equal the amount that you have advanced. Interest will begin to accrue on the date you disburse loan proceeds and continue until my loan is paid in full. I agree that the amount of the monthly payment will be adjusted so that the Amount Financed plus accrued interest figured at the Annual Percentage Rate is payable in substantially equal monthly payments during the term of this Agreement. You will notify me of the changes to the Amount Financed and Payment Schedule.

**SECURITY AGREEMENT:** I give you a security interest in the motor vehicle described herein, all goods and services purchased in connection therewith, as well as all proceeds of the accessions to such vehicle (hereinafter collectively referred to as the "Collateral"). I also assign to you any proceeds not in excess of the unpaid balance of this loan, that may become payable through insurance on the vehicle or products sold in connection with the purchase of the vehicle, including unearned premiums and refunds for credit insurance, service contracts and debt cancellation (GAP) agreements. I will keep the Collateral free of any liens other than your lien. I will keep the Collateral at the address shown above. If I change my address, I will notify you in writing. I will timely pay all taxes and other charges on the Collateral. If you pay any taxes, repairs, or other charges related to the Collateral, I will reimburse you for the amounts you pay, plus interest at the Annual Percentage Rate set forth above. I will promptly inform you of any loss or damage to the Collateral.

**APPLICABLE LAW:** This Agreement is governed by and construed in accordance with the laws of the United States. To the extent that state law applies to this Agreement, this Agreement will be governed by the laws of the State of Nevada.

Form 03a

### Itemization of Amount Financed

| | | |
|---|---|---|
| 1. | Amount Financed (2+3+4) | $16,015.00 |
| 2. | Amount given to me directly | $0.00 |
| 3. | Amount paid on my account | $0.00 |
| 4. | Amount paid to others on my behalf (A+B+C) (You may be retaining a portion of this amount) | $16,160.00 |
| (A) | Cost of optional credit insurance paid to insurance company or companies | |
| | Life | $0.00 |
| | Disability | $0.00 |
| | **Total A** | $0.00 |
| (B) | Documentary Stamps | $0.00 |
| | Official fees paid to government agencies | $15.00 |
| | Sales Tax | $0.00 |
| | **Total B** | $15.00 |
| (C) | To: Capital One Auto | $16,145.00 |
| | To: _____ | $0.00 |
| | To: _____ | |
| | To: _____ | |
| | **Total C** | $16,145.00 |

Borrower's Initials   *FM*   *BM*   *B*

**1 Copy to Customer, 1 Copy with Original Signatures to Lender**

EXHIBIT_____  Page 1 of 3

PAGE __2__ OF __5__

## Credit Insurance is Optional

Credit Life Insurance and Credit Disability Insurance are optional and are not required to obtain credit. They will not be provided unless I sign and agree to pay the extra cost. I will receive an Insurance certificate or policy that provides details of the insurance coverage.

☐ Credit Life,
one Borrower                    $ _____ Term _____
☐ Credit Life,
both Borrowers                  $ _____ Term _____
☐ Credit Disability,
one Borrower                    $ _____ Term _____
☐ Credit Disability,
both Borrowers                  $ _____ Term _____

I want the insurance above:

➜ _____    _____
Borrower's signature                    Date

➜ _____    _____
Co-Borrower's signature                 Date

I can cancel any of the optional insurance products if I make a written request to you to do so; I authorize the insurer to cancel any or all optional insurance policies at your request if I am in default. If any insurance is canceled for any reason, I direct the insurer to deliver any premium refund to you, and it is agreed that it will be applied to my outstanding loan balance. I understand that if I prepay this loan in full, I may be entitled to a refund of the premium paid for credit insurance from my insurer.

**FINAL PAYMENT:** The final payment may be more or less than the amount scheduled depending upon my payment record. Early payments will have the effect of reducing my final payment, while payments made after their respective due dates will cause my final payment to be higher. The final payment will be equal to all unpaid sums due under this Agreement even if the amount of the final payment differs from the scheduled amount of the final payment disclosed in this Agreement.

**LATE CHARGE:** If I don't pay all of a payment within 10 days after it is due, you can charge me a late charge. The late charge will be 5% of the scheduled payment due.

**RETURNED PAYMENT FEE:** If my payment is returned for any reason, I agree to pay a $25.00 fee for each returned payment. You can add the fee to the amount I owe or collect separately.

**PREPAYMENT:** I may pay the unpaid balance of this loan, or any part thereof, at any time without penalty. If I make a partial prepayment, I am still required to make the next payment(s) as scheduled. I may not skip payments.

**REQUIRED INSURANCE:** I must keep the Collateral I pledge as security for this loan in good condition and insured against loss or damage upon such terms as you may require. I can do this through any insurance company I select and that is reasonably acceptable to you. I must make the policy payable to you to the extent of your interest and provide you with evidence that I am maintaining such insurance during the term of this loan. I direct any insurance company to make payments directly to you and authorize you to endorse any draft or proceeds check. If I fail to keep the Collateral insured or fail to provide you with evidence that the required insurance coverage is being maintained, you may, but shall not be required to, obtain such insurance as you deem appropriate to protect your interest. Any insurance you purchase may, at your option, insure only your interest and not my interest in the Collateral, and/or may include coverages in addition to, or different from, the insurance coverage I am required to maintain and/or which you have previously determined was acceptable. The cost of any insurance you obtain may be substantially more than the cost of any insurance I might otherwise purchase and may include the cost of a commission paid to you, or to a related entity, for the purchase of such insurance. If you elect to obtain any such substitute insurance coverage, I will be obligated to pay you the amount of the premium plus interest thereon at the Annual Percentage Rate. I agree to pay for such insurance on demand, but you may, at your option, add the amount of such premium to my loan principal and require me to pay according to the terms contained in the notice you send me.

**DEFAULT:** I will be in default if: (1) any payment is not paid as required under this Agreement; (2) I fail to comply with any provision of this Agreement or I fail to keep the promises I make in this agreement; (3) I sell, lease or otherwise dispose of the Collateral; (4) the prospect of payment, performance, or realization of Collateral is significantly impaired; or (5) I die or file any proceeding under the U.S. Bankruptcy Code. If I am in default, you may require me to repay the entire unpaid principal balance, any accrued interest and other amounts due and owing hereunder at once. You may also exercise all of the rights and remedies provided for in this Agreement and under applicable law. I agree that you do not have to give me notice that you are demanding or intend to demand immediate payment of all that I owe.

**REPOSSESSION:** If I default under this Agreement, you shall have all of the rights granted to a secured party under the Uniform Commercial Code and/or other applicable law. Unless prohibited by applicable law, these rights include, but are not limited to, the right to repossess the Collateral, sell the Collateral if I fail to redeem it, and deduct from the sale proceeds, as allowed by applicable law, the expenses of retaking, holding, preparing for disposition, processing and disposing of the Collateral. Unless prohibited by applicable law, I agree to pay your reasonable costs and expenses arising from repossession and sale of the Collateral. If there is a surplus as a result of the sale, it will be paid to me unless you must pay it to someone else.

**REMEDIES CUMULATIVE:** In the event that I default, the fact that you may choose not to exercise one or more of the rights or remedies available to you under this Agreement or applicable law does not prevent you from exercising those rights or remedies in the event of a subsequent default by me. The fact that you elect one or more remedies in the event of a default does not preclude you from electing other remedies for the same default. If you do not enforce your rights every time, you can still enforce them later.

Borrower's Initials        _FM_  _BM_

EXHIBIT B

PAGE 2 of 5

Form 03e

**ADDITIONAL PROVISIONS.**

1. The obligations set forth herein may not be assumed by anyone, even if they wish to buy the vehicle.
2. If I ask for more time to make any payment and you allow me more time, I agree to pay additional interest to extend the payment.
3. I agree that you may obtain credit information about me, including credit bureau reports.
4. I agree that any notice to me, including, without limitation, notice of repossession and/or sale of the collateral, is reasonable if mailed to my last known address according to your records.
5. I do not have to pay interest or other amounts that are more than the law allows.
6. I agree that your acceptance of late or partial payments does not mean that you are changing the due date or waiving my default.
7. Except as prohibited by applicable law, I agree to pay court costs and your reasonable attorney's fees if this loan is referred for collection to an attorney who is not your salaried employee.
8. This Agreement may not be amended or modified by oral agreement. No amendment or modification of this Agreement will be valid or enforceable unless it is reduced to writing and signed by you and me.
9. If any provision or part thereof is found to be unenforceable, then the unenforceable provision or part thereof will be severed and the remaining provisions will still be enforceable.

**ARBITRATION:** This arbitration provision significantly affects my rights in any claim or dispute with you. Please read this arbitration provision carefully before signing this Agreement.

**Either you or I may choose to have any dispute between you and me, except as provided below, decided by arbitration. If arbitration is chosen, you and I will each give up the right to a trial by the court and/or a jury trial. If arbitration is chosen, I may not serve as a class representative or participate as a class member in any class action against any party entitled to compel arbitration under this provision.**

Any claim or dispute, except as provided below, whether in contract, tort or otherwise (including, without limitation, interpretation and the scope of this provision, the arbitrability of any issue and matters relating to the consummation, servicing, collection or enforcement of this loan) between you and me or your employees, agents, successors or assigns which arise out of or relate to this loan or any resulting transaction or relationship including any such relationship with third parties who do not sign this Agreement shall, at your or my election (or the election of any such third party) be resolved by neutral, binding arbitration and not by court action. There will be no class arbitration proceedings. Any claim or dispute is to be arbitrated on an individual basis. I expressly waive rights I may have to arbitrate class action, private attorney general or other representative claims. The Federal Arbitration Act governs this arbitration provision.

Notwithstanding this arbitration provision, you and I can not require the other to arbitrate the following matters: (1) our respective rights, if any, to exercise self-help remedies; (2) seeking provisional remedies to enforce your security interest from a court; (3) any action brought in small claims court which remains in such court and asserts claims on an individual basis seeking $15,000 or less; and/or (4) any action where all parties collectively, including multiple named parties, seek monetary relief in the aggregate of $15,000 or less in total relief, including but not limited to compensatory, statutory or punitive damages, costs and attorney fees. Neither you nor I waive the right to arbitrate by exercising self-help remedies, filing suit, or seeking or obtaining provisional remedies from a court.

The party initiating arbitration must choose one of the following organizations and follow its rules for initiating and pursuing arbitration:

American Arbitration Association
335 Madison Avenue, Floor 10
New York, NY 10017-4605
www.adr.org

National Arbitration Forum
P. O. Box 50191
Minneapolis, MN 55405
www.Arbitration-forum.com

I may obtain a copy of the arbitration rules and a form for demanding arbitration by contacting one of the above organizations or by accessing their internet Web site. If I start arbitration, I agree to pay the initial fee and required deposit up to $125.00. You agree to pay any balance. You will pay the costs of the arbitration proceeding up to a maximum of one day (8 hours) of hearings. You will also pay any additional amount that the arbitrator determines you must pay in order to assure this arbitration provision is enforceable. The applicable arbitration rules will determine who pays other costs and fees, such as costs of the arbitration proceeding that goes beyond one day of hearings. Each party shall pay their own attorney, expert, and witness fees and expenses, unless otherwise required by law or by other terms of this agreement. This Arbitration provision is binding upon and inures to the benefit of our respective heirs, successors and assigns.

**NOTICE: ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

By signing below, each of the undersigned agrees to the terms of this Agreement and acknowledges receipt of a copy of this note and the included Federal Disclosure Statement completely filled in.

→ _____
Borrower's Signature

→ _____
Co-Borrower's Signature

| VIN/HIN: **1FMZU62K43ZB23986**   State: **CA**   Title Number: | **Title-Electronic** |
|---|---|
| Year: **2003**   Make/Builder: **FORD**   Model:   License Plate: ▬▬ | **Perfecting** |

### Overview

| | |
|---|---|
| Owner(s): **MARTINEZ FERNANDO** | Closed Date: |
| Lienholder: **CITIFINANCIAL AUTO** | Closed Reason: |
| Match Type: **AUTOMATIC** | Document Location: |
| Match Date: **11/1/2007** | |
| Issuance Date: **10/29/2007** | |
| Imported Date: **11/1/2007** | |

### Owners

| Type | Name | Address | City | State/Province | Postal Code |
|---|---|---|---|---|---|
| Unknown | MARTINEZ FERNANDO | 8847 WILLIS AVE APT D11 | PANORAMA CITY | CA | 91402 |

### Property

| | |
|---|---|
| Odometer Reading: **000044558** | Net/Unladen Weight: **00000** |
| Odometer Accuracy: **Actual Mileage** | Branding: |
| | Fuel Type: **Gasoline** |
| Prior Odometer Reading Date: **11/19/2006** | Engine #: |
| Current Odometer Reading Date: **00/00/0000** | Equipment #: |
| Miles/Kilometers: **Miles** | Year 1st Sold: **03** |
| # Of Axles: **0** | Asterisk Year: **06** |
| Body: **UT** | VLF Class: **DE** |
| Registration Exp. Date: **07/12/08** | |

### Liens

| Name | Address | Lienholder ID | Lien Date |
|---|---|---|---|
| CITIFINANCIAL AUTO | PO BX 3449 COPPELL, TX 75019 | | |

### Title Maint

EXHIBIT ___
PAGE ___ OF ___

**Vehicle Pricing & Information**
NADAguides.com

4/12/2010

# NADAguides.com Price Report

**SUVs**
2003 Ford Explorer–1/2 Ton–V6 Utility 4D XLS

|  | Rough Trade-In | Average Trade-In | Clean Trade-In | Clean Retail |
|---|---|---|---|---|
| **Base Price** | $3,675 | $4,600 | $5,350 | $7,800 |
| **Mileage** |  |  |  |  |
| 110,000 miles | -$400 | -$400 | -$400 | -$400 |
| **Options** |  |  |  |  |
| **TOTAL PRICE** | **$3,275** | **$4,200** | **$4,950** | **$7,400*** |

**Rough Trade-In**
The Rough Trade-In values on nadaguides.com are meant to reflect a vehicle in rough condition. A vehicle with significant mechanical defects requiring repairs in order to restore reasonable running condition; Paint, body and wheel surfaces have considerable damage to their finish, which may include dull or faded (oxidized) paint, small to medium size dents, frame damage, rust, or obvious signs of previous repairs; Interior reflects above average wear, with inoperable equipment, damaged or missing trim, and heavily soiled /permanent imperfections on the headliner, carpet, and upholstery; May have a branded title and un-true mileage; Vehicle will need substantial reconditioning and repair to be made ready for resale; Some existing issues may be difficult to restore. Because individual vehicle condition varies greatly, users of nadaguides.com may need to make independent adjustments for actual vehicle condition.

**Average Trade-In**
The Average Trade-In values on nadaguides.com are meant to reflect a vehicle in average condition. A vehicle that is mechanically sound but may require some repairs/servicing to pass all necessary inspections; Paint, body and wheel surfaces have moderate imperfections and an average finish and shine which can be improved with restorative repair; Interior reflects some soiling and wear in relation to vehicle age, with all equipment operable or requiring minimal effort to make operable; Clean title history; Vehicle will need a fair degree of reconditioning to be made ready for resale. Because individual vehicle condition varies greatly, users of nadaguides.com may need to make independent adjustments for actual vehicle condition.

**Clean Trade-In**
The Clean Trade-In values on nadaguides.com are meant to reflect a vehicle in clean condition. A vehicle with no mechanical defects and passes all necessary inspections with ease; Paint, body and wheels have minor surface scratching with a high gloss finish and shine; Interior

EXHIBIT _C_
PAGE _1_ OF _3_

reflects minimal soiling and wear, with all equipment in complete working order; Vehicle has a clean title history; Vehicle will need minimal reconditioning to be made ready for resale. Because individual vehicle condition varies greatly, users of nadaguides.com may need to make independent adjustments for actual vehicle condition.

**Clean Retail**
The Clean Retail values on nadaguides.com are meant to reflect a vehicle in clean condition. A vehicle with no mechanical defects and passes all necessary inspections with ease; Paint, body and wheels have minor surface scratching with a high gloss finish and shine; Interior reflects minimal soiling and wear, with all equipment in complete working order; Vehicle has a clean title history. Because individual vehicle condition varies greatly, users of nadaguides.com may need to make independent adjustments for actual vehicle condition.

The consumer values on nadaguides.com are based on the Consumer edition of the NADA Official Used Car Guide ®, and should not be utilized for industry purposes. The consumer values may vary from the NADA Official Used Car Guide values presented to you by insurance companies, banks, credit unions, government agencies and car dealers due to vehicle condition, regional market differences and frequency of updates.



ADVERTISEMENT

AutoTrader.com

There's a lot to consider when buying a new car

©Copyright 2010 NADAguides.com. All Rights Reserved.
©NADASC 2010. All Rights Reserved.

EXHIBIT ___
PAGE ___ OF ___

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:

**535 ANTON BLVD., 10TH FLOOR, COSTA MESA, CA 92626**

The foregoing document described as **OBJECTION TO CONFIRMATION OF PROPOSED CHAPTER 13 PLAN; DECLARATION OF KATINA YOUNG IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I.   TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On April 9, 2010, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

ELIZABETH ROJAS, Trustee; cacb_ecf_sv@ch13wla.com

☐ Service information continued on attached page

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served):
On April /2 2010, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. *Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.*

**DEBTOR PRO SE:**
BIBIANA MIRANDA
8847 Willis Avenue, #D11
Panorama City, CA  91402

**U.S. BANKRUPTCY JUDGE**
U.S. BANKRUPTCY COURT
HONORABLE GERALDINE MUND
21041 Burbank Boulevard, Suite 342
Woodland Hills, CA  91367-6606

☐   Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on_____
___ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  *Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.*

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| April /3 2010 | SUSAN A. KONTOFF | /s/ Susan A. Kontoff |
|---|---|---|
| *Date* | *Type Name* | *Signature* |

COOKSEY, TOOLEN, GAGE, DUFFY & WOOG
535 Anton Boulevard, Tenth Floor
Costa Mesa, California 92626-1977

9100.0715  587123.1